UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY SUE COLTON,

                      Plaintiff,          16-CV-615(MAT)

       v.                                **DECISION**
                                            **and ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                      Defendant.
_____

## **INTRODUCTION**

Kelly Sue Colton, ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt.## 17-18.

## **BACKGROUND**

### I. Procedural History

Plaintiff protectively filed applications for DIB and SSI on January 22, 2010, alleging disability beginning June 16, 2009, due to fibromyalgia, hypertension, arrhythmia, arthritis, migraine headaches, asthma, mitochondrial dysfunction, chronic fatigue

syndrome, light sensitivity, allergies, connective tissue disorder, gastritis, blood clots, anemia, vitamin deficiency, chronic hives, and Sjogren's disease. T. 123-34, 246, 288.[1] Her initial applications were denied on April 14, 2010, and a hearing followed before Administrative Law Judge ("ALJ") William Weir on October 21, 2011. T. 77-122. After The ALJ issued a decision finding that Plaintiff was not disabled, Plaintiff requested Appeals Council review of the hearing decision. On July 29, 2013, the Appeals Council remanded the case to the ALJ. T. 152-55.

Plaintiff and counsel appeared at a second hearing before ALJ Weir on October 30, 2014, after which he issued a decision finding Plaintiff not disabled. T. 13-36, 37-76. This determination became the Commissioner's final decision when the Appeals Counsel denied Plaintiff's request for review on June 3, 2016. T. 1-6. This action followed. Dkt. #1.

**II. The Second Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since her alleged onset date; (2) she had the severe impairments of

---

[1] Citations to "T.__" refer to the pages of the administrative transcript.

periodic transient dizziness, inflammatory arthritis, and asthma; (3) her impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that she retained the residual functional capacity ("RFC") to perform sedentary work except that she needed to avoid dust, fumes, gasses, and temperature extremes; and (4) Plaintiff could perform her past relevant work as a customer service manager and mortgage clerk. Alternatively, the ALJ used Medical-Vocational Rule 201.29 as a framework and relied on the testimony of the Vocational Expert ("VE") to determine that Plaintiff was not disabled. T. 18-29.

## DISCUSSION

### I. Scope of Review

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

### II. Appeals Council Order

Plaintiff contends that the ALJ failed to adhere to the Appeals Council remand order, which remanded the case to the ALJ on the basis that the hearing decision did not contain an adequate evaluation of a Medical Source Statement from Plaintiff's treating physician, Edgar Bassing, M.D. Pl. Mem. (Dkt. #17-1) at 21-22;

3

T. 153. The order further noted that there was no indication that an attempt was made to re-contact Dr. Bassing for clarification of his opinions and their inconsistency with Plaintiff's medical records. Id. The ALJ was directed to "give further consideration to the treating source opinions pursuant to the provisions of 20 C.F.R. 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the [ALJ] may recontact the treating source to provide additional evidence and/or clarification[;]" and "[c]onsider new and material evidence in accordance with 20 C.F.R. 404.1513 and 416.913." Id. at 154.

The Commissioner argues that the ALJ properly complied with the July, 2013, remand order because the ALJ attempted to contact Dr. Bassig twice without a response, and because the ALJ incorporated his previous decision finding no disability by reference. Comm'r Mem. (Dkt. #18-1) at 24-25.

"Regulations provide that on remand from the Appeals Council, '[t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order.'" Cabibi v. Colvin, 50 F. Supp. 3d 213, 229 (E.D.N.Y. 2014) (citing 20 C.F.R. § 404.977(b)) (emphasis added). "If an ALJ fails to comply with an Appeals Council remand order, their decision is subject to judicial review and can form the basis for a remand to the Commissioner. Id. (Citing 42 U.S.C. § 405(g)).

4

With respect to the Commissioner's first contention, it is true that an ALJ may make a disability determination based on the evidence before him or her "when, despite efforts to obtain additional evidence, the evidence is insufficient to determine whether [the claimant] is disabled." 20 C.F.R. § 416.920b(d). It also appears that the ALJ took the appropriate action to resolve the insufficiency of the record, as permitted by the Appeals Council. T. 153; see generally 20 C.F.R. § 416.920b(c)(1)-(4) (stating that, if the record evidence is insufficient to make a disability determination, the ALJ may recontact medical sources, request additional existing records, ask the claimant to undergo a consultative exam, or ask the claimant or others for more information). Nonetheless, if the rationale for rejecting Dr. Bassing's medical assessment was because he was unavailable to clarify his opinion, the ALJ did not say that in the second decision. T. 23.

The Commissioner also urges the Court to find that the ALJ incorporated the medical assessment into the new decision. Comm'r Mem. at 25; T. 22. Yet the ALJ did not evaluate Dr. Bassing's assessment on remand, did not discuss the weight he accorded the opinion, and did not reference the subject exhibit in support of his rejection of Dr. Bassing's opinions contained elsewhere in the record. Thus, any incorporation of the flawed analysis, as determined by the Appeals Council, would not comply with the remand

5

order requiring the ALJ to "explain the weight given to such opinion evidence." T. 154.

Finally, the ALJ's reasoning cannot be gleaned from the decision. See Comm'r Mem. at 25. Although he included Dr. Bassing's opinion in the general summary of the medical record, he omitted it from the opinion evidence and did not explain the weight he accorded it. Rather, he appears to have rejected the remainder of Dr. Bassig's medical source statements contained in Exhibit 23F in favor of the state consultative physician's opinion based on a one-time examination in 2010. T. 27, 686-690. The ALJ did not sufficiently articulate his reasons for rejecting the October, 2011, medical source statement contained in Exhibit 21F. The ALJ's summary of the additional treatment notes from Dr. Bassig dated July 10, 2012, to October 17, 2013, does not clarify his reasoning for rejecting the opinion and does not comply with the remand order or the applicable regulations. See Mortise v. Astrue, 08-CV-0990, 713 F. Supp.2d 111, 120-24 (N.D.N.Y. 2010) (remanding based on the ALJ's failure to comply with the Appeals Council's remand order to follow the treating physician rule); see also Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) ("[T]o override the opinion of the treating [source], we have held that the ALJ must explicitly consider, inter alia: (1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the [source] is a

6

specialist."). The fact that the Appeals Council subsequently denied review of the ALJ's second determination, see Comm'r Mem. at 25, does not persuade the Court otherwise. See, e.g., McGann v. Colvin, No. 14 CIV. 1585, 2015 WL 5098107, at *6, *14 (S.D.N.Y. Aug. 31, 2015).

Under these circumstances, where it is clear that the ALJ did not comply with the requirements of the Appeals Council order, remand to the ALJ is appropriate. In light of this determination the Court need not address Plaintiff's challenge to the ALJ's RFC finding.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for judgment on the pleadings (Dkt. #17) is granted, and the Commissioner's cross-motion (Dkt. #18) is denied. The Commissioner's decision is reversed and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to 42 U.S.C. § 405(g), sentence four.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 25, 2018